IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 1:15-cv-01264

LOUIS BALL JR.,

    Plaintiff,

v.

FINANCIAL CREDIT SERVICE, INC.
dba ASSET RECOVERY ASSOCIATES
aka ARA, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district and Defendant is located in this district.

**PARTIES**

4. Plaintiff Louis Ball Jr. ("Plaintiff") is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Financial Credit Service, Inc. ("Defendant") is an Illinois corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Fleet Bank account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff a written communication dated June 3, 2014.

12. A true and correct copy of Defendant's June 3, 2014 letter is attached as Exhibit A.

13. Defendant's June 3, 2014 letter to Plaintiff was its initial communication with Plaintiff with respect to the Debt.

14. The letter stated, in part: "If you notify this office in writing within 30 days of receiving this notice, that you dispute the validity of the debt or any portions thereof, this office will obtain a copy of a judgement [sic] and mail you a copy of such verification."

15. Section 1692g(a)(4) of the FDCPA requires a statement, in the initial written communication or within five days thereof, that "that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4).

16. Defendant's statement would lead the least sophisticated consumer into believing that a judgment had been entered against them, or that if they disputed the debt or any part of it, that Defendant would obtain a judgment against them.

17. Upon information and belief, there is no judgment against Plaintiff for the Debt.

18. Defendant's June 3, 2014 letter also stated, in part:

> If you request in writing, within 30 days after receiving this notice, this office will provide you the name and address of the original ORIGINAL CREDITOR, if different that the current ORIGINAL CREDITOR.

Exhibit A.

19. Defendant's June 3, 2014 initial communication failed to meaningfully convey to Plaintiff the statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor as required pursuant to 15 U.S.C. § 1692g(a)(5).

20. Defendant's June 3, 2014 initial communication would confuse the least sophisticated consumer.

3

21.     Defendant failed to properly provide Plaintiff the disclosures required pursuant to 15 U.S.C. § 1692g(a)(5) either in its June 3, 2014 initial communication or within five days thereafter.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

22.     Plaintiff repeats and re-alleges each and every factual allegation above.

23.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

24.     Plaintiff repeats and re-alleges each and every factual allegation above.

25.     Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey to Plaintiff the notices required by section 1692g(a) in the initial communication or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 10, 2015.

        Respectfully submitted,

        By: s/ Russell S. Thompson IV
        Russell S. Thompson IV
        Federal Bar No. 029098
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave D106-618
        Mesa, AZ 85206
        (602) 388-8898
        (866) 317-2674 fax
        rthompson@consumerlawinfo.com

        Joseph Panvini
        Federal Bar No. 028359
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave D106-618
        Mesa, AZ 85206
        (602) 388-8875
        (866) 317-2674 fax
        jpanvini@consumerlawinfo.com

        Attorneys for Plaintiff